IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
July 29, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
  DEPUTY CLERK

| | |
|---|---|
| Joshua Adam Cordle, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:25-cv-00426 |
| Medical Staff SWVRJ *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joshua Adam Cordle, an incarcerated individual proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. Cordle claims his rights have been violated in connection with an ongoing denial of suboxone and an inadequate response to a suicide attempt in 2020. Cordle submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*. (Dkts. 4, 6.)

While the court finds that Cordle qualifies to proceed without prepayment of fees or costs, it also finds that the complaint in this action fails to state a viable claim upon which relief could be granted. Accordingly, the court grants the *in forma pauperis* application but dismisses this action without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

**I.     Standard of Review**

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute

"is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe *pro se* complaints liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the plaintiff must state a right to relief that is cognizable and plausible on its face. *See Iqbal*, 556 U.S. at 678.

## II.    Analysis

Cordle's complaint fails to state a claim upon which relief can be granted because he does not name a proper defendant to his claims. He named as Defendants to this action only unspecified "Medical Staff" and "Mental Health" at Southwestern Virginia Regional Jail. (Dkt. 1 at 1.) In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a particular person acting under color of state law deprived him or her of a constitutional right

or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Plaintiff must identify the specific person or persons who purportedly violated his rights. *See Brownlee v. Williams*, Civ. No. 2:07-0078, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007). Allegations that unspecified prison personnel violated his rights do not adequately state a § 1983 claim. *See id.*; *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that the Otisville Correctional Facility Medical Staff is not a person for purposes of § 1983).

The court often permits plaintiffs an opportunity to identify proper defendants prior to dismissal. But Plaintiff's complaint also indicates another issue with his claims—a lack of exhaustion. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "PLRA's exhaustion requirement is mandatory." *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Exhaustion is required even if the administrative remedies do not meet federal standards, are not "plain, speedy, and effective," and even if the relief sought, such as monetary damages, is not available through the grievance process. *Porter*, 534 U.S. at 524.

The PLRA also requires that an inmate must exhaust available administrative remedies "*before* bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016) (emphasis added). The requirement that a prisoner exhaust before filing in court allows defendants to address complaints before being sued, reduces litigation if grievances are

satisfactorily resolved, and improves subsequent litigation by leading to the preparation of a useful record. *See Porter*, 534 U.S. at 524–25.

Here, Cordle's complaint admits that he has not completed the exhaustion process for either of his claims. (Dkt. 1 at 2.) Therefore, the court dismisses this action at the outset to give Cordle an opportunity to complete the grievance process to the extent possible and to identify the particular persons that allegedly violated his rights. Because the court's dismissal of this action is without prejudice, Cordle may refile his claims without penalty, but he is encouraged to resolve these threshold issues before doing so.

### III.   Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** the complaint **without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Dismissal Order to Cordle.

**IT IS SO ORDERED.**

**ENTERED** this 29th day of July 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE